Hartford v. Martin 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-260-CV

     HARTFORD ACCIDENT & INDEMNITY COMPANY,
                                                                                              Appellant
     v.

     DONALD J. MARTIN,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 47,177
                                                                                                    

O P I N I O N
                                                                                                    

      Hartford Accident & Indemnity Company appeals the judgment of the trial court in a workers'
compensation case brought by Donald Martin. Because we find that Hartford did not properly
preserve its complaint with regard to the opening statement made by Martin's attorney and because
there is factually sufficient evidence to support the verdict, we affirm.
      Martin injured his back while lifting a utility pole for Martex Substation Construction on May
24, 1990. The jury found that the injury was a producing cause of Martin's total incapacity and
that the total incapacity was permanent. The jury also found that Martin incurred $10,500 in
medical expenses as a result of his injury. Finally, the jury found that Martin's previous back
injury on August 4, 1988, contributed ten percent of his total incapacity and that his previous hand
injuries on October 2, 1989, contributed forty-five percent of his total incapacity. The court
entered judgment based on the verdict and the parties' stipulation that Martin's average weekly
wage before the injury was $714.49 and that the applicable weekly compensation rate was $238.
      In point one Hartford contends that the court erred in failing to grant its motion for new trial
because the opening statement made by Martin's attorney was inaccurate and served only to
inflame and prejudice the jury. During opening statement, after pointing out that neither Martex
nor its owners were defendants in the case, Martin's attorney made the following comments:
The only defendant in this case is Hartford Accident and Indemnity Company, the
workers' compensation carrier. And this lawsuit is being brought because we feel Mr.
Martin is entitled to workers' compensation benefits under the law because he got hurt
on the job.
 
Since there is nothing else, no health insurance could go—
 
[Hartford's Attorney]: Objection, Your Honor.
 
THE COURT: Sustained.
 
[Martin's Attorney]: Now, the evidence is going to show that Mr. Martin, after a
few months of working there, was involved in, they call it tying or twisting rods around
cable, that type of thing, and involved a lot of use of his arms and stuff. And he started
developing problems with his hands.
 
The evidence is also going to show that Mr. Martin told Mr. Huggins, his
supervisor, and he went to the doctor on his own nickel to try to—
 
[Hartford's Attorney]: Objection.
 
THE COURT: Sustained. The jury is instructed to disregard the last statement.
 
[Martin's Attorney]: At any rate, he went back from the doctor and continued
working with pain from his arms. On May 24th, 1990, our case is going to show that
Mr. Martin was lifting a telephone pole off the street to get away of [sic] an oncoming
car, and he hurt his back.

      After Hartford's first objection was sustained, Hartford's attorney failed to preserve its
complaint by requesting an instruction to disregard; and after its second objection was sustained
with an instruction to disregard, Hartford's attorney failed to move for a mistrial.


 As the record
reflects, Hartford obtained all the relief it requested at the time the comments were made.


 Even
if Hartford had preserved its complaint regarding the opening statement, however, without a
complete statement of facts it would not have been able to demonstrate that the error "was
reasonably calculated to cause and probably did cause rendition of an improper judgment."


 
Because the parties agreed not to make a record of the jury voir dire, Hartford was unable to file
a transcription of the entire proceedings, and we cannot determine whether the alleged improper
comments were invited or that any error was harmful.


 As a result, we overrule point of error
one. 
      In points two and three Hartford contends that the trial court erred in overruling its motion
for new trial, arguing that there was factually insufficient evidence to support the jury's findings
that the injury in May 1990 was a producing cause of Martin's total incapacity and that the total
incapacity was permanent. The court's charge to the jury provided the following relevant 
definitions:
"Producing cause" means an efficient, exciting, or contributing cause from an injury
or condition which, in a natural sequence, produces incapacity and without which cause
such incapacity would not have occurred when it did.
 
"Total incapacity" does not mean absolute inability to perform any kind of labor, but
means that a person is disabled from performing the usual tasks of any particular trade
or occupation, to such an extent that he cannot get and keep employment.

      A factual insufficiency challenge requires us to consider and weigh all of the evidence, both
that which supports the verdict and that which is contrary to the verdict, and to set aside the
verdict and remand the cause for a new trial only if we conclude that the verdict is so against the
great weight and preponderance of the evidence as to be manifestly unjust.



      In point two Hartford argues that there is no causal connection between Martin's injury and
his incapacity. Hartford points only to the testimony of Dr. Mackenzie, the orthopedic surgeon
who examined Martin on November 26, 1991, and Dr. Mellgren, the chiropractor who treated
Martin. According to Hartford, because their testimony does not establish the required causal
connection, the jury's finding to question two is so against the great weight and preponderance of
the evidence as to be manifestly unjust. 
      Dr. Mackenzie testified by deposition that, based upon reasonable medical probability,
Martin's condition, which he diagnosed as myofascial syndrome, was due to the lifting injury of
May 1990. Although Dr. Mellgren was unable to classify Martin's original back injury, he
testified that, in his professional opinion, at least fifty percent of Martin's permanent impairment
was caused by the subsequent back injury in May 1990. Hartford points to no contradictory
evidence to support its argument that the injury in May 1990 was not a producing cause of
Martin's incapacity. Because the expert testimony provides factually sufficient evidence that
Martin's injury in May 1990 was a producing cause of his total incapacity, we overrule point of
error two.
      In point three Hartford argues that the evidence suggests that Martin is able to perform the
usual tasks of a workman and can get and keep employment. Martin testified that his back has
hurt since the injury in May 1990. According to Martin, he "can't do the things [he] want[s] to
or need[s] to," nor can he sit for a long time, twist, or walk much without being in pain. Although
he started a lawn-mower business doing light-duty repairs, he testified that the work is painful and
requires him to take a break quite often. He also worked part-time running a bucket truck for a
construction company for an hour and a half at a time over a three-month period. Martin testified
that he was able to earn an average of seventy-five dollars a week repairing lawn mowers and
working for the construction company. He also testified that he has looked for other jobs but that
he cannot do much because he has to be "where [he] can stop and take a break." Furthermore,
Martin testified that he cannot work as a truck driver or operate heavy equipment.
      Dr. Mellgren testified that Martin is "impaired from ever doing any form of manual labor at
all." Total incapacity occurs when a worker is disabled by injury to such an extent that he cannot
procure and retain employment at labor of the class he was performing when injured; the term
does not imply absolute physical inability to perform any kind of labor.


 Because the testimony
at trial was factually sufficient to support the jury's conclusion that Martin's total incapacity was
permanent, we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 30, 1993
Do not publish